UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RALPH B. NEAL,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST AMERICAN TITLE INSURANCE CO., et al.,<br><br>    Defendants. | Case No. 5:19-cv-05478-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND SUA SPONTE RAISING RES JUDICATA**<br><br>Re: Dkt. Nos. 5, 11 |

"This is the [fourth] case initiated by Plaintiff Ralph B. Neal concerning residential property located at 1588 Calco Creek Drive in San Jose."[1] *Neal v. Select Portfolio Servicing, Inc.*, 2018 WL 905942, at *1 & n.1 (N.D. Cal. Feb. 15, 2018) ("*Neal III*"). The only change in this case is the inclusion of Defendant First American Title Insurance Co.; Defendants U.S. Bank NA, Successor in Interest to La Salle Bank, NA as Trustee on Behalf of the Wamu Mortgage Passthrough Certificates Series 2007-AA6, Select Portfolio Servicing, Inc., and Doe Defendants 1–20 were parties to the earlier suits. Other than the addition of a new defendant, Plaintiff's fourth complaint[2] seeks the same relief. While Plaintiff may have renamed his causes of action, they are factually identical to the earlier asserted claims. Indeed, the relief Plaintiff seeks is the same, he

---

[1] The other three cases are *Neal v. Select Portfolio Servicing, Inc.*, Case No. 5:15-cv-03212-EJD ("*Neal I*"), *Neal v. Select Portfolio Servicing, Inc.*, Case No. 5:16-cv-04923-EJD ("*Neal II*")" and *Neal*, 2018 WL 905942 ("*Neal III*"). The court again "takes judicial notice of the pleadings filed in these actions *See* Fed. R. Evid. 201(b) (providing that the court 'may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned'); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)(holding the court 'may take judicial notice of court filings and other matters of public record')." *Neal III*, 2018 WL 905942 at *1 n.1.
[2] Notably, the prior three were filed in this District and before this Court.

Case No.: 5:19-cv-05478-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND SUA SPONTE RAISING RES JUDICATA

1

wants this Court to enjoin Defendants from foreclosing his home and provide him damages.

The first three cases ended in defense judgments after the causes of action asserted therein were dismissed without leave to amend. Indeed, recently, in 2018, this Court entered judgment in Defendants Select Portfolio and U.S. Bank's interest. *See* Judgment, 5-16-cv-04923-EJD, Dkt. 53. Despite Plaintiff's history of relitigating this same case before this very Court, Defendants do not argue that Plaintiff is foreclosed from relitigating this case pursuant to res judicata. Instead, they argue that Plaintiff lacks standing to challenge the loan assignment and that Plaintiff's claim must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Defendants' Notice of Motion and Motion to Dismiss Plaintiff's Complaint; Memorandum of Points and Authorities ("Mot."), Dkt. 5. Given this Court's prior orders concerning Plaintiff, the Court sua sponte raises res judicata.

## I. LEGAL STANDARD

"The district court may sua sponte raise the issue of res judicata in special circumstances . . . [like] where the previous action was litigated in the same district court, or where all relevant data and legal records are before the court and judicial economy will be served by invoking res judicata sua sponte." *Black v. New Jersey*, 2010 WL 4962950, at *1 n.1 (M.D.N.C. Nov. 30, 2012) (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006); *Carbonell v. La. Dep't of Health & Human Res.*, 772 F.2d 185, 189 (5th Cir. 1985); *see also Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) ("[T]he failure of a defendant to raise res judicata does not deprive a court of the power to dismiss a claim on that ground."); *Arizona v. California*, 530 U.S. 392, 413 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.").

## II. DISCUSSION

The Court will not repeat the factual or procedural history of this case for a fourth time.

Case No.: 5:19-cv-05478-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND SUA SPONTE RAISING RES JUDICATA

2

The Parties are referred to *Neal III*, 2018 WL 905942 for the case's background. The Court also will not reanalyze why this case is barred by res judicata; it already did so in *Neal III*. *See* 2018 WL 905942, at *3–5. Plaintiff's causes of action arise from the same events in the cases already litigated, even while they are renamed and asserted against a new defendant. Thus "Plaintiff cannot proceed with this Complaint due to the operation of preclusion doctrines." *Id.* at *5; *Fed'n of Hillside & Canyon Ass'ns v. City of L.A.*, 24 Cal. Rptr. 3d 543, 558 (Cal. Ct. App. 2004) ("Res judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated."). The Court has already undertaken a res judicata analysis and elects to avoid the unnecessary judicial waste that would occur by reperforming or ignoring that analysis. *Accord Arizona*, 530 U.S. at 413 (noting that a court may raise res judicata sua sponte in the interests of avoiding unnecessary judicial waste). Accordingly, the Court sua sponte raises res judicata and holds, pursuant to its earlier orders, that Plaintiff's complaint is barred.

Defendants do not request that Plaintiff be declared a vexatious litigant. The Court, however, advised Plaintiff in its 2018 Order to "refrain from initiating any additional litigation that is duplicative of cases previously dismissed." *Neal III*, 2018 WL 905942 at *5. "Such further litigation could be determined frivolous and meritless at this point, and may subject Plaintiff to sanctions under Federal Rule of Civil Procedure 11 or a pre-filing order pursuant to 28 U.S.C. § 1651." *Id.* "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057 (9th Cir.2007) (citations omitted). A pre-filing review order is appropriate if (1) the plaintiff is given adequate notice and an opportunity to oppose the order; (2) the Court compiles an adequate record for review; (3) the Court makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order is narrowly tailored to closely fit the specific vice encountered. *Id.*

While these factors may be met in the instant case, the Court finds that it is premature to declare Plaintiff a vexatious litigant and impose a pre-filing review. Because Plaintiff is pro se,

Case No.: 5:19-cv-05478-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND SUA SPONTE RAISING RES JUDICATA

3

the court must "give [him] the benefit of every conceivable doubt. *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974). It is possible that Plaintiff misunderstood the Court's 2018 order or the rules of res judicata. Plaintiff may have erroneously believed that by adding a new defendant or reclassifying his claims, he was not violating the 2018 order. The Court thus clarifies its earlier order: Plaintiff may not pursue additional litigation that recites same or *similar* causes of action as those already dismissed by the Court. Plaintiff is advised that adding, removing, or reframing causes of actions or defendants will not save his claims. Failure to comply with this instruction will result in the Court imposing a pre-filing order pursuant to 28 U.S.C. § 1651. For clarity, this means that if Plaintiff brings a *fifth* Complaint alleging that he is excused from paying his mortgage/pleads causes of action stemming from his Calco Creek mortgage, a pre-filing order pursuant to 28 U.S.C. § 1651 will be imposed.

### III. CONCLUSION[3]

Defendants' Motion to Dismiss is **GRANTED** on res judicata grounds, which the Court raised sua sponte. All causes of action are **DISMISSED WITHOUT LEAVE TO AMEND.** Plaintiff is again advised that he may not file duplicative litigation. If he is confused about the scope of this order or the rules of res judicata, the Court urges Plaintiff to consult Kevin Knestrick at the Federal Pro Se Program.[4]

Judgement will be entered in favor of Defendants and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 12, 2019

EDWARD J. DAVILA
United States District Judge

---

[3] Because Plaintiff's claim is precluded as to all Defendants, see *Fed'n of Hillside*, 24 Cal. Rptr. 3d at 558, the Court does not reach Defendant First American Title Insurance Co.'s joinder argument.

[4] Help is provided by appointment or on a drop-in basis. The program is located in Room 2070 on the second floor of the San Jose United States Courthouse (280 South First St.). Plaintiff may call (408) 297-1480 or email at kknestrick@asianlawalliance.org. More information is available here: https://www.cand.uscourts.gov/helpcentersj.

Case No.: 5:19-cv-05478-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND SUA SPONTE RAISING RES JUDICATA

4